UNITED STATES DISTRICT COURT
Central DISTRICT of ILLINOIS

Plaintiff; Daniel Clark #K-98637

vs.                                         Case No: 15-CV-01306

Defendant(s) WEXFORD Health Service INC.
Doctor John Garlic
Doctor Melvin Hinton, Andrea Moss
Major Prentice, Lieutenant MR Punke
Correctional officer MR Lee,
Correctional officer MR Littles
Correctional officer MR Z. Smith
correctional officer MR Schmeltz
Correctional officer MR Bradford
Correctional officer MR Beaupre
Med Tech D. Brown and The Illinois
Department of corrections

## Amend Complaint

42 U.S.C. 1983 (suit against state officials for constitutional violations)

28 U.S.C. 1331 (suit against federal officials for Constitutional violations)

42 U.S.C. 12131 (The ADA-Act) 29 U.S.C. (The Rehab Act)

1  Now comes the plaintiff Daniel Clark and states as follows:

My current address is:
700 West Lincoln Street
PO Box 99, Pontiac Illinois 61764

2. The defendant John Garlic is employed as mental Health Administrator at Pontiac Correctional Center

3. The defendant Melvin Hinton is employed as Chief of mental Health and psychiatric services at/in I.D.O.C. Stateville Correctional Center

4. The defendant Andrea Moss is employed as the social worker from mental Health Service at Pontiac Correctional Center.

5. The defendant MRS Printice is employed as Major at Pontiac Correctional Center.

6. The defendant MR Punke is employed as Lieutenant at Pontiac Correctional Center.

7. The defendant MR Lee is employed as Correctional Officer at Pontiac Correctional Center

8   The defendant MR Lilies is employed as correctional officer at pontiac Correctional center

9   The defendant MR Z Smith is employed as Correctional officer at pontiac correctional Center

10  The defendant MR Schmeltz is employed as correctional officer at pontiac Correctional center

11  The defendant MR Bradford is employed as correctional officer at pontiac Correctional Center

12  The defendant MR Beaupie is employed as correctional officer at pontiac Correctional Center

13  The defendant D. Brown is employed as Med Tech at pontiac correctional center

14  The defendants and The Illinois Department of corrections and WExFord Health Service INC

## IV. Facts

15) On 1-27-15 the Plaintiff Daniel Clark asked Correctional officer (c/o) Schmeltz for a crises team because he was having suicidal thoughts.

16) Schmeltz did not get the Plaintiff a crisis team

17) The Plaintiff then asked Lt. Pinkie, Major Prentice and MHP Ms Moss for a crises team. They all ignored the Plaintiff.

18) As MHP Moss continued to talk to other inmates, she ignored me even though the Plaintiff stated that he was having suicidal thoughts

19) The Plaintiff Talked to a crises team member on the next shift but he was still traumatized and still experiencing exacerbated depressed thoughts and mood ailments for days after because of Moss' Pinkie's Schmeltz' and Prentice's unjustifiable denial and delay in treating his serious mental health needs.

20) Between 2013 and October 2015 the Plaintiff engaged in self mutilation many times because of denial of mental health attention and even had to receive medical attention six times because of self-inflicted cut wounds.

21) The Plaintiff has also filed numerous grievances in descrimination of his mental health rights by Dr. Garlick Mental Health Director of Pontiac, and Dr. Melvin Hinton Chief of Mental Health for IDOC and Wexford Health Services

22) Dr. Garlick and Hinton knowingly descriminated against the Plaintiff by enforcing an unwritten policy that calls for not following the criteria which gives segregation cuts and Good conduct credit restoration to those who are eligible if they are incompetent or like me suffer from learning ailments that prohibit them from fighting for their rights.

23) Dr. Garlick and Hinton also enforce an unwritten policy that calls for the officials to turn a blind eye to inmates requests for crises teams when they're suicidal or depressed in order to save time, money and to make their jobs easier.

These unwritten policies descriminated against me as an inmate with the ailments (mental) that limit and effect my major life activities as defined under the ADA and the Rehabilitation Act.

24) Dr. Hinton and Dr. Garlick also enforce an unwritten policy that descriminates against all who are affected by like limiting ailments by not giving them mental health treatment including counseling and housing in a mental health unit (SMH). By being denied meaningful mental health treatment consistent with his diagnosis (the Plaintiff suffers from Bi-Polar disorder, Mood disorder) on many occassions the Plaintiff became suicidal and or engaged in self-mutilation when adequate counseling and all treatment consistent with the Plaintiffs proper diagnosis would have prevented these events.

25) The Plaintiff was harmed physically, mentally and emotionally by the unwritten policies that descriminated against him.

26) Dr. Melvin Hinton and Dr. Garlick also enforce an unwritten policy that calls for the denial of as many inmates as possible Serious Mentally Ill (SMI) treatment by and though their express agents they meet the criteria, like the Plaintiff, because of mental ailments that limit these major life activities as defined under the ADA and the Rehabilitation Act.

27) The culmination of all these unwritten affirmatively enforced policies harmed the Plaintiff by causing him mental anguish, exacerbated depression, mood swings and self injury at different dates and times while encarcerated in IDOC at Pontiac CC.

28) The Plaintiff was descriminated on because D. Garlick and Dr. Hinton knew that he and others in his position are at a disadvantage and could not effectively challenge their being descriminated against because of mental ailments.

29) The Illinois Department of Corrections (IDOC) is a person for purposes of the ADA and Rehabilitation Act and accepts Federal Funding for it's institutions.

2

30. ) By and through the express use of its agents and employees IDOC enforces an unwritten policy that calls for descrimination against *[crossed out]* SMI inmates (myself and others) by striving to ignore the major life activity affecting disorders as defined in the Diagnostic Statistical Manual to save money at the expense of the mental well being of those self-same inmates.

31. ) IDOC does this (descriminates) by not hiring the needed staff, not offering the needed counseling programs and downplaying the seriousness of major life-affecting disabilities whenever possible to save money.

32. ) The IDOC also has tried to save money at the expense of the rights of the mentally ill (plaintiff and others) by not erecting or creating the housing needed to hold SMI inmates.

33. ) The IDOC forces inmates (plaintiff and others) to endure little or no treatment in spite of the fact that they should be labled SMI until they file a grievance.

34. ) The IDOC does this because they wish to take advantage of the inmates also are unaware that they meet the SMI criteria.

35. ) It is exactly because of mental disabilities that myself and others were and are descriminated against.

36. ) The IDOC has chosen to descriminate against the rights of the mentally ill to save money and in order to shirk responsibility.

37. ) The IDOC has chosen to descriminate against the rights of the mentally ill to save money and in order to shirk responsibility.

38. ) By choosing to descriminate against mentally handicapped inmates enforcing policies that affirmatively deny inmates counseling, access to mental health during depressed or suicidal periods and by not providing equal and adequate treatment to all SMI inmates (myself and others) the IDOC violated the Plaintiff's ADA

3

and Rehabilitation Act rights and caused the Plaintiff to hurt himself numerous times by self mutilation, and suffer from compounded symptoms stemming from his mental health problems such as increased depression, mood swings and suicidal ~~thoughts~~ ideations that could have been avoided with meaningful non disciplinary treatment.

39) On February 25, 2015 the Plaintiff was assaulted by c/o's Bradford and Bruce after asking to speak to a crises team on the 11-7pm shift.

40) After I spoke to the crises team I was cleared to go back to my cell but instead I was taken to the old majors office.

41) After waiting for about 15 minutes c/o's Bradford and Brevare come in. Brevare tried to kick Plaintiff but the Plaintiff moved and he missed.

42) Bruce rushed me and put me in a chokehold and Brevare repeatedly kicked the Plaintiff until he (Brevare) got tired.

43) Med Tech O. Brown laughed at me while I was being assaulted and he turned the lights off.

44) Bradford then kicked and choked me.

45) On 5-28-15 the Plaintiff was observed cutting himself by Andree Moss, Major Prentice and c/o's Lee, Liles, Smith and Schmeltz.

46) I was left in the cell without recieving any mental health treatment or medical attention.

47) On the 3-11 shift J. Berry and Lt. Lewis refused to give me medical attention for my arm when I asked and showed them my arm

V.     Statement Of Claim

The Plaintiff realleges and incorporates all the facts from parts I-IV of

4

this complaint.

1) Dr. Melvin Hinton as Chief of Mental Health and Psychiatric Services for the IDOC and Dr. Garlick as the Mental Health Administrator at Pontiac C.C. violated the Plaintiff's 8th Amendment ADA and Rehabilitation Act rights by subjecting the Plaintiff to discrimination which is prohibited by the ADA and the Rehabilitation Act. They did this by being deliberately indifferent to the Plaintiff's serious mental health needs by enforcing unwritten policies that discriminate against the Plaintiff (and others) and deny and unjustly downgrade the mental health diagnosis/seriousness of mental health desieses of inmates and by not not allowing them equal and adequate treatment for their life limiting disabilities as is defined and required by the ADA;

2) Andrea Moss, Lt. Pinkie, Major Prentice and c/o Schmeltz violated the Plaintiff's 8th amendment rights by denying him access to mental health services when he asked after alerting these same individuals that he was having suicidal thoughts. (on 1-27-15). This experience aggravated the Plaintiff's mental health conditions and caused added depression, mood swings and self-injurous behavior to which it was known that the Plaintiff was in danger of. Moss, Prentice, Pinkie, and Schmeltz delayed getting the Plaintiff mental health treatment during his emergency status without justifiable cause;

3) On 6-1-15 Prentice, Lee, Liles, ? Smith c/o Schmeltz and Moss violated the Plaintiff's 8th Amendment rights by being deliberately indifferent to the Plaintiff's serious medical/mental health needs when they observed the Plaintiff cutting himself provided him with no medical treatment or mental health treatment;

4) J. Berry and Lt. Lewis violated the Plaintiff's 8th Amendment rights by being deliberately indifferent to his serious medical needs when on 6-7-15 the Plaintiff asked for medical treatment for the self-inflicted cut on his arm

(5)

and did nothing;

5. ) Lt. Pinkie, Prentice, Moss and c/o Schmeltz violated the Plaintiff's 8th Amendment rights on 1-27-15 by being deliberately indifferent to the Plaintiff's serious mental health need when they denied him access to mental health treatment once he intimated to them that he was feeling suicidal. These individuals ignoring and delaying his mental health need caused the Plaintiff added mental anguish and increased the prevalence of his depression, mood swings and hopelessness.

6. ) C/o's Bradford and Brevare violated the Plaintiff's 8th Amendment; rights by subjecting the Plaintiff to cruel and unusual punishment via excessive force when they assaulted the Plaintiff on 2-25-15 after the Plaintiff asked to speak to a crises team;

7. ) The kicks and choking that were inflicted upon the Plaintiff by Bradford and Brevare caused the Plaintiff considerable physical pain and exacerbation of his mental ailments;

8. ) Med-Tech O. Brown violated the Plaintiff's 8th Amendment rights when he failed to stop the assault by Bradford and Bruce and laughed during the commission thereof

9. ) The Illinois Department of Corrections violated the Plaintiff's rights as a government by promulgating an unwritten policy that turns a blind eye to the serious mental health needs of the disabled as is defined under the ADA and the rehabilitation Act. By the IDOC as a governmental agency discriminating against the needs of inmates with known mental ailments that affect and limit the major life activities of inmates such as myself, the Plaintiff engaged in self-mutilation and suffered from needless, aggravated, negative mental conditions such as depression, mood swings and suicidal ideations.

(6)

10  The IDOC discriminated against the Plaintiff by witholding mental Health treatment the Plaintiff needed in order to save money and shirk responsibility (i.e. to make their work day easier)

11  The IDOC recieves federal funding for its institution/institutionals

12 Plaintiff Daniel Clark pain and suffering, physical suffering injury and emotional distress.

13 In violation of Plaintiff Clark rights under the fourth Amendment, Eighth Amendment and fourteeth Amendment.

14 Plaintiff Clark has been and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declaratory and injunctive relief, which Plaintiff Seeks

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully pray that this court enter Judgment;

① Granting Plaintiff Daniel Clark a declaration that the acts and omissions described herein violate (HIS) rights under Constitution and laws of the United States and

② A, preliminary and permanent injunction ordering, Defendants BR Garlic, DR, Hinton



Andrea moss, Major prentice, Lieutenant punke, C/o Lee, C/o Liles C/o Z smith, C/o schmeltz, C/o Bradford C/o mr Beauple, Med Tech D. Brown and Illinois Department of Corrections and Wexford Health Service INC. to cease their Discrimination, against my mental Health needs, physical needs and threats of violence and or violence Harassment, conflict of interest, unprofessionalism Acts, toward plaintiff Daniel Clark and

③ Granting plaintiff Clark compensatory damages in the amount of $75,000 against each defendant Jointly and severally

④ Plaintiff seek punitive damages in the amount of 75,000 against each defendant Jointly and severally.

⑤ Plaintiff also seek recovery of his costs in this suit and filing fees and court cost until the case settle by the courts.

⑥ plaintiff also seek a Jury trial on all issues triable by Jury.

⑦ Any additional relief this court deems just, proper and equitable

Date 10-12-2015
Respectfully submitted
Daniel Clark #K-98637
Pontiac Correctional Center
PO Box 99
Pontiac IL, 61764

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.
Respectfully submitted
Dated 10-12-15
Executed at Pontiac Correctional Center in Illinois Pro'se plaintiff Signature
Daniel Clark

## Relief Requested

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of record or parole), you must file your claim on a habeas corpus form pursuant to 28 U.S.C. 2241, 2254, or 2255. Copies of these forms are available from the clerks office.

Plaintiff Daniel Clark compensatory Damages in the amount of $75,000 punitive Damages $75,000 and what the court Deems for physical pain and suffering, Emotional Distress, mental Health suffering, and etc

JURY DEMAND (check one box below)
The plaintiff ☑ does ☐ does not request a trial by Jury.

DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEURE 11

I certify to the best of my knowledged information and belief that this complaint is in full compliance with Rule 11(a) and 11(b) of the federal Rules of civil procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Dated
Signed on 10-12-15

P.O. Box 99
Street address

Pontiac IL, 61764
City, State, Zip

Daniel Clark
Signature of plaintiff

Daniel Clark
Printed Name

K-98637
Prisoner Register Number

P#1

3. Docket Number/Judge

   13-CV-3747, Andrea R Wood/Mary M Rowlan

4. Basic claim made

   Violation of constitutional Rights by malious use of excessive force

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)

   Finalized May 5-2015

6. Approximate date of filing of lawsuit   August 2013

7. Approximate date of disposition

   February 14-2014

For additional cases, provide the above information in the same format on a separate page.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?  Yes ☑

   No ☐  If your answer is no, explain why not

C. Is the grievance process completed?  Yes ☑  No ☑

PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY

I have file multiple Grievances related to this complaint and has not received any respond from pontiac correctional center Grievance officer whom I've file an complaint on for withholding my Grievance

P#2

3. Docket Number/Judge
   _13-CV-03428, SUE E. Myerscough_

4. Basic claim made
   _Violation of Constitutional rights by using excessive force_

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it ~~still pending?~~)

6. Approximate date of filing of lawsuit _December 31-2013_

7. Approximate date of disposition
   _December 2-2014_

For additional cases, provide the above information in the same format on a separate page.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?  Yes ☑
No ☐   If your answer is no, explain why not

C. Is the grievance process completed?   Yes ☐   No ☐

PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY

_See first Attachment_

P#3

3. Docket Number/Judge
   15-CV-719, Phil Gilbert

4. Basic claim made
   Violation of constitutional by using excessive force

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it (still pending?)

6. Approximate date of filing of lawsuit   July 1-2015

7. Approximate date of disposition
   N/A

For additional cases, provide the above information in the same format on a separate page.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution? Yes ☑ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint? Yes ☑
No ☐ If your answer is no, explain why not

C. Is the grievance process completed? Yes ☐ No ☐

PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY

See first attachment Page

**INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.**

All Exhibts A to Q are related to my complaint, and relevant to my mental Health illness These Affidavits also is relevant to my Claim as well.

I offender Daniel Clark #K-98637 has in the pass filed Grievance on Mental Health Administrator and Social workers but the grievances disappear, by the Grievance(s) officer Claiming they lost it doing the process or it's to late to address the issue(s).