E-FILED
Tuesday, 10 May, 2016  09:31:08 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL CLARK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15-1306 |
| | ) | |
| ROGER WALKER, et. al., | ) | |
|     Defendants. | ) | |

## CASE MANAGEMENT ORDER

On August 17, 2015, the Court dismissed the pro se Plaintiff's amended complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* August 17, 2015 Merit Review. The 107 page complaint identified seventeen Defendants from Pontiac Correctional Center, but did not include specific time frames, nor did Plaintiff state the involvement of each Defendant.  In addition, Plaintiff made several general claims about the mental health care provided, but failed to state how he was impacted.  Finally, Plaintiff alleged he had a serious mental illness, but it was unclear if he had been diagnosed with any specific condition. *See* August 17, 2015 Merit Review.

Therefore, Plaintiff was given additional time to file another amended complaint clarifying his intended claims and directions to assist Plaintiff.

Plaintiff's second amended complaint must contain a short and plain statement of what happened to the Plaintiff, who was involved and when it happened. For instance, the Plaintiff should specifically state if he has been diagnosed with a specific mental illness, what care he was denied, who denied him the needed care and when it occurred.  The Plaintiff should state each claim one time to avoid confusion over his intended claims, *See* August 17, 2015 Merit Review, p. 3.

Plaintiff was further admonished his amended complaint must not include exhibits.

Plaintiff then filed a second amended complaint [15], followed by a motion for leave to file a third amended complaint. [17] The most recent filing supersedes the second amended complaint, and therefore the motion for leave to file a third amended complaint is granted. [17]

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's third amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it

"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Unfortunately, Plaintiff has ignored most of the Court's specific instructions and admonitions in the previous merit review order.  The Plaintiff's third amended complaint still identifies seventeen Defendants including Mental Health Administrator John Garlic, Illinois Department of Corrections (IDOC) Mental Health Director Melvin Hinton, Dr. Michael Dempsey, Dr. Scott McCormick, Social Worker Todd Nelson, Social Worker William Alley, Social Worker Andrea Moss, Major Prentice, Lieutenant Punke, Medical Technician D. Brown, and Officers Lee, Lilies, Z. Smith, Schmeltz, Bradford, Beupie and Whitney Compton.[1]

Plaintiff's complaint is a rambling and repetitive recitation of several vague and conclusory allegations.  Plaintiff does clarify that he suffers from "bipolar disorder, mood disorders, depression and anxiety attacks and anti-social personality disorder." (Comp, p. 6).  Plaintiff also notes he has a history of self-mutilation which often occurs when he is denied mental health services. (Comp., p. 5).

Unfortunately, Plaintiff then goes on to make reference to several "unwritten policies" which include:

-"not following the criteria which gives segregation cuts and good conduct credit restoration to those who are eligible if they are incompetent or like me suffer from learning ailments that prohibit them from fighting for their rights." (Comp., p. 6)

- ignoring inmates who request a crisis team member.

-"discriminate against me as an inmate with ailments (mental) that limit and effect my major life activities defined under the (ADA Act) and the (Rehab Act)." (Comp., p. 6)

-discriminate against inmates by not providing mental health treatment (Comp., p. 6, 7).

-  provide inadequate staff . (Comp., p. 8)

- "unjustly downgrade mental health diagnosis/seriousness of mental health decisions…" (Comp., p. 11).

---

[1] Plaintiff also makes reference to IDOC, Defendant Berry and Defendant Lewis although they are not named as Defendants in the Third Amended Complaint.

Plaintiff alleges he has been harmed by each of these policies.

The Court notes "an official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Riley* v. *Cnty. Of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. Jan. 27, 2010) *citing McCormick v City of Chicago*, 230 F.3d 319, 325(7th Cir. 2000)(collecting cases).  Factual allegations must give enough detail to give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir.2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id., quoting Bell Atlantic,* 550 U.S. at 555.

Many of the "policies" alleged by the Plaintiff do not clearly explain the policy, nor provide any facts to clarify the impact of the policy on Plaintiff.  In addition, Plaintiff's claims concerning the Americans with Disabilities Act (ADA) or the Rehabilitation Act simply recite the language in the applicable law without any factual support or basis. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(a complaint which offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do.")

The Plaintiff does make reference to a few specific claims in his complaint.  For instance, Plaintiff says he has filed numerous grievances and therefore Defendants Garlic, Dr. McCormick and Dr. Dempsey have knowledge of his complaints, but have "failed to report them or address them professionally." (Comp., p. 5).  The Plaintiff has failed to clearly state a constitutional violation based on the Defendants unprofessional response to his grievances.*See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011)("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992)(the constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution).

Plaintiff also alleges Dr. Dempsey and Dr. McCormick "failed to properly treat the Plaintiff in accordance to his update changes in his mental illness, and having the knowledge of plaintiff self-mutilation." (Comp, p. 13).  Plaintiff provides no further information in support of this claim and has failed to clearly state a constitutional violation against either Defendant in accordance with the requirements of Federal Rule of Civil Procedure 8. *See* Fed.R.Civ.P. 8(a)(2) (complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff claims Social Worker Nelson and Alley helped enforce the unwritten policies and failed to report his self-mutilation. (Comp., p. 13).  Again, Plaintiff has not provided any specific information in support of his claims.

Plaintiff also says on January 27, 2015 he requested Defendants Clark, Schmeltz, Punke, Prentice and Moss provide him with a crisis team due to suicidal thoughts, but they ignored him.  Nonetheless, Plaintiff says he did talk to a crisis team member "on the next shift," but was still feeling "traumatized" and "depressed." (Comp., p. 5)  Plaintiff later says the delay in providing care "aggravated" his condition. (Comp., p. 11)[2].  Giving the Plaintiff the benefit of notice pleading, it is possible he might be able to establish the delay had an impact on his mental health condition and therefore he has articulated a constitutional violation.

On February 25, 2015, Plaintiff says he spoke with a crisis team member and was then taken to a major's office.  Defendants Bradford and Beaupie entered, placed the Plaintiff in a choke hold and Defendant Beaupie then repeatedly kicked the Plaintiff.  Defendant Bradford continued to choke the Plaintiff and also kicked him. Medical Technician Brown saw the assault, but merely laughed at the Plaintiff.  The Plaintiff has stated a claim alleging Defendants Bradford and Beaupie used excessive force and Defendant Bradford failed to protect him from the use of excessive force.  However, it is unclear how either claim is related to Plaintiff's previous claims concerning mental health care. The Seventh Circuit has held "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.  Therefore, the court will dismiss the claims against Defendants Bradford, Beaupie and Brown.[3]

Plaintiff then alleges on three separate dates, specific Defendants failed to provide him needed medical or mental health care.  For instance, on May 28, 2015, Defendants Moss, Prentice, Lee, Lies, Smith and Schmeltz observed the Plaintiff cutting himself, but took no action to provide mental health or medical care.  Plaintiff later showed his injury to Defendants Berry and Lewis, but they also refused to provide care.

On June 1, 2015, Defendants Prentice, Lee, Liles, Smith, Schmeltz and Moss observed the Plaintiff cutting himself, but took no action to provide medical or mental health treatment. (Comp., p. 12)

---

[2] Plaintiff repeats several claims throughout his complaint adding to the difficulty in interpreting his claims.  For instance, Plaintiff makes reference to the events of January 27, 2015 on three separate occasions. (Comp. p. 4, 11, 12).

[3] If Plaintiff wishes to pursue these claims, he must file a separate lawsuit and pay a separate filing fee within the two year statute of limitations period. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).

On June 7, 2015, Plaintiff asked Defendants Berry and Lewis for medical treatment for a self-inflicted cut on his arm, but they did not respond.  Plaintiff has adequately stated the Defendants violated his Eighth Amendment rights on each occasion. In addition, Plaintiff has clarified his claim alleging Defendants violated his Eighth Amendment rights in their official capacity based on a policy or practice of failing to providing crisis team intervention when needed.  In his complaint, Plaintiff says Defendants Dr. Garlic and Dr. Hinton were responsible for this policy. (Comp., p. 6).

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion for leave to file a third amended complaint is granted. [17]

2) Pursuant to its merit review of the third amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges:

a) Defendants Clark, Schmeltz, Punke, Prentice and Moss violated Plaintiff's Eighth Amendment rights on January 27, 2015 when they delayed crisis team intervention.
b) Defendants Moss, Prentice, Lee, Lies, Smith, Schmeltz, Berry and Lewis violated Plaintiff's Eighth Amendment rights on May 28, 2015 when they failed to provide mental health or medical care.
c) Defendants Prentice, Lee, Liles, Smith, Schemeltz and Moss violated Plaintiff's Eighth Amendment rights when they failed to provide medical or mental health treatment on June 1, 2015.
d) Defendants Berry and Lewis violated Plaintiff's Eighth Amendment rights when they failed to provide medical treatment on June 7, 2015.
e) Defendants Dr. Garlic and Dr. Hinton violated Plaintiff's Eighth Amendment rights in their official capacities based on a policy or practice of failing to providing crisis team intervention when needed.
Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of

the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file a third amended complaint, [17];**
**2) Add Defendants Berry and Lewis to the case; 3) Attempt service on the**

surviving Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff has also named a confusing array of Defendants.  To clarify the record, Plaintiff has 11 surviving Defendants including Clark, Schmeltz, Punke, Prentice, Lee, Liles, Smith, Berry, Lewis, Garlic and Hinton. ALL OTHER DEFENDANTS should be dismissed for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A

ENTERED this 10th day of May, 2016.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE